Foster, J.
(dissenting). I concur in the conclusion reached by Mr. Justice Russell that the decision of the Workmen’s Compensation Board refusing to reopen the claim herein against either the employer and carrier, or the Special Fund, should be affirmed. On the original appeal a majority of this court held that the decision of the Board should be reversed and the matter remitted for consideration against the Special Fund; while the minority held that the claim should be remitted for consideration against the employer and carrier (271 App. Div. 452). Upon reargument I am convinced that neither of these views was correct.
Under section 123 of the Workmen’s Compensation Law, as amended in 1940 (L. 1940, ch. 686), the continuing jurisdiction of the board does not survive a lapse of seven years from the date of an accident or death where a claim has been disallowed after a trial on the merits, or otherwise disposed of without an award after the parties in interest have been notified. The statute, as amended, was enacted and intended to provide a period of limitation on the power of the board in the cases specified in which no compensation was paid. Obviously it was intended to apply primarily to the Special Fund, for under section 25-a of the Workmen’s Compensation Law the employer and carrier are not subject to an award after a lapse of seven years from the date of injury or death, where the claim was disallowed or otherwise disposed of without an award of compensation. Thereafter, under this section and section 123, the continuing jurisdiction of the board may be exercised against the Special Fund in those cases where, within a period of seven years from the date of *841 injury or death, an award has been made and compensation paid, and the limitation upon the jurisdiction of the board in such cases is eighteen years from the date of injury or death and eight years from the date of the last payment of compensation.
The facts of the claim herein fix it within the seven years’ limitation provided for in section 25-a and in the first sentence of section 123. The accident happened August 24, 1935, and decedent died September 12, 1935. A claim for death benefits was filed September 23, 1935. After a hearing on the merits this claim was disallowed by a Referee on October 13, 1936, and his decision was affirmed by the State Industrial Board on June 1 and June 8, 1937. On August 17, 1942, claimant filed an application to reopen the case. This application was denied November 16, 1942. Seven years had then elapsed from the date of decedent’s death and the statute had tolled. Thereafter and on November 23, 1942, claimant made another application to the board asking it to reconsider its decision of November 16, 1942, and to reopen the case. On March 25, 1943, some four months later, the case was reopened, the memorandum of the acting board member stating: ■ “ Previous denial of the Board is hereby rescinded * * Thereafter the board held that it was precluded from jurisdiction under the provisions of sections 25-a and 123 of the Workmen’s Compensation Law.
In reopening the case upon an application made after the statute had tolled the acting board member purported to rescind a decision made before the statute had run. If the theory of rescission may be' thus employed then no effective limitation on the jurisdiction, of the board exists as to carriers, employers or the Special Fund, despite the mandate of the Legislature. By the use of this simple device the board might, if it chose to do so, reopen a claim at any time by merely rescinding a former decision. The implication carries its own answer. The continuing jurisdiction of the board is not inherent. To the contrary it is purely a matter of statute and the board is bound by the limitation contained in the statute.
Hill, P. J., Heffernan and Brewster, JJ., concur in decision; Foster and Russell, JJ., dissent, each in a separate opinion.
'Matter remitted to the Workmen’s Compensation Board for further consideration, with costs to the claimant-appellant against the Workmen’s Compensation Board. [See post, p. 965.]